**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PROPHARMA GROUP, LLC,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-1180-PGB-LHP**

**ANTHONY CRONE,**

**Defendant.**
______________________________/

**ORDER**

This cause comes before the Court on Defendant Anthony Crone's ("**Defendant**") Unopposed Motion for Clarification of Temporary Restraining Order. (Doc. 28 (the "**Motion**")).

## I. BACKGROUND

Through this action, Plaintiff ProPharma Group, LLC ("**Plaintiff**"), "one of the nation's leading pharma services companies," brings a series of claims against Defendant, its former employee, after he purportedly shared sensitive client information with his new employer—Plaintiff's direct competitor—in violation of his employment agreement with Plaintiff. (*See generally* Doc. 10). On June 3, 2026, Plaintiff filed a motion seeking a temporary restraining order requiring Defendant to:

> (i) refrain from retaining, copying, duplicating, using, or disclosing to any third party any trade secrets or confidential information of [Plaintiff's];

> (ii) abide by the terms of the Agreement, including the [Non-Disclosure] Provisions and the Non-Solicitation Provisions, as those terms are defined herein;
>
> (iii) immediately deliver to [Plaintiff] all documents, materials, and data (and copies thereof), in tangible, electronic, or intangible form, relating to the business of [Plaintiff], or confirm the destruction of the same; and
>
> (iv) make available for inspection and imaging any computers, tablets, smartphones, external storage devices, or personal data devices on which [Defendant] accessed and/or retained [Plaintiff]'s confidential information or trade secrets as well as any and all cloud-based file management accounts (including Gmail, iCloud, and Dropbox), email accounts, or other devices or accounts on which [Plaintiff]'s confidential information could reside [(the "**request to inspect and image**")].

(Doc. 13, p. 2). In the same motion, Plaintiff asked the Court to order Defendant to preserve any relevant evidence. (*Id.* at p. 3).

On June 15, 2026, the Court entered a temporary restraining order (Doc. 20 (the "**TRO**")), wherein it substantially granted Plaintiff's requested injunctive relief, declining to include only Plaintiff's request to inspect and image.[1] (*Id.* at p. 19 n.8). Thus, the Court ordered that:

> a. Defendant is **TEMPORARILY ENJOINED** from retaining, copying, duplicating, using, or disclosing to any third party any of Plaintiff's trade secrets or confidential information;
>
> b. Defendant **SHALL** abide by the terms of [his Employment] Agreement (Doc. 10-1), including the Non-Solicitation Provisions and Non-Disclosure Provisions, as those terms are defined herein; and

[1] The Court found that this relief would be "more appropriately requested through the discovery process." (Doc. 20, p. 19 n.8).

> c. Defendant **SHALL** immediately deliver to Plaintiff all documents, materials, and data (and copies thereof), in tangible, electronic, or intangible form, relating to Plaintiff's business, or confirm the destruction of same.

(*Id.* at p. 19 (footnotes omitted)). The Court also granted Plaintiff's request for an order requiring Defendant to "immediately take steps to preserve evidence relevant to this dispute, including . . . electronic evidence." (*Id.* at p. 21). However, in light of the fact that the TRO—at Plaintiff's request—would permit or require "destruction" of certain materials, the Court added a footnote to this portion of the TRO "caution[ing] Defendant not to destroy any such materials to the extent they constitute evidence relevant to the instant suit, as this would violate the preservation requirement imposed by this Order" (the "**cautionary language**"). (*Id.* at p. 19 n.7).

Now, Defendant moves, unopposed, for clarification as to the TRO. (*See generally* Doc. 28). In the Motion, Defendant states that the TRO imposes "obligations on Defendant that, read together, are in tension." (*Id.* at p. 1). First, Defendant cites the TRO language forbidding Defendant from "retaining, copying, duplicating, using, or disclosing to any third party any of Plaintiff's trade secrets or confidential information." (*Id.* at pp. 1–2). Second, the TRO requires Defendant to "immediately deliver" or else "destroy" all "documents, materials, and data (and copies thereof), in tangible, electronic, or intangible form, relating to Plaintiff's business." (*Id.* at p. 2). Finally, Defendant cites the Court's requirement that Defendant preserve relevant evidence and its cautionary language as an additional source of tension. (*Id.*).

Defendant represents that all evidence in his possession would be relevant to the dispute and must be preserved. (*Id.*). Defendant thus "reads the [TRO] to require preservation and to foreclose destruction of any potentially relevant materials, and he respectfully seeks the Court's confirmation of that reading." (*Id.*). Defendant also notes the "delivery provision . . . creates practical tension with the preservation directive and the prohibition on retaining or using the information," since "[m]uch of the alleged information at issue is electronically stored." (*Id.* at pp. 2–3). Defendant states that he cannot collect and deliver such information without affecting the evidence's "metadata and other forensic artifacts" that he is under a duty to preserve. (*Id.* at p. 3). Defendant further represents that the parties are "negotiating the use of a third-party forensic examiner to image and preserve the subject devices and accounts and ultimately remove or sequester Plaintiff's alleged information, if any, from Defendant's possession." (*Id.*). For the time being, however, "Defendant has preserved the subject materials to the extent they exist and has not accessed, used, disclosed, or destroyed any of Plaintiff's alleged information, to the extent present." (*Id.*). Defendant asks the Court whether he may "proceed in this manner pending the parties' agreement on a forensic protocol or further order of the Court." (*Id.*).

The tensions identified by Defendant in the language of the TRO are well-founded.[2] Importantly, however, upon Defendant filing the Motion, while it was

---

[2] Indeed, it was the Court's perception of these tensions that caused the Court to add the cautionary language to the TRO. (*See* Doc. 20, p. 19 n.7).

clear to the Court that Plaintiff did not oppose the Court granting Defendant's request that it *clarify* the terms of the TRO, it was not clear whether Plaintiff objected to Defendant's proposed course of conduct. (*See generally* Doc. 28). In particular, the Court was unable to discern whether Plaintiff objected to Defendant merely "preserv[ing] the subject materials to the extent they exist" without "access[ing], us[ing], disclos[ing], or destroy[ing]" such materials until the parties can agree upon a process for extraction of this information by a third-party forensic examiner. (*Id.* at p. 3).

As a result, the Court entered an Order directing Plaintiff to indicate its position on Defendant's aforementioned proposed course of conduct. (Doc. 31). Plaintiff has now filed a notice in response to the Order. (Doc. 34). Therein, Plaintiff makes clear that its "[u]ndersigned counsel and Defendant's counsel are presently working together with a third-party forensic examiner to preserve Defendant's personal devices, and, subject to the parties' ESI protocol agreement and Defendant's compliance with the same, Plaintiff does not oppose Defendant's proposed course of conduct." (*Id.* at p. 3).

## II. DISCUSSION

The Court notes that the TRO, as written, requires Defendant to take action that is inconsistent with the parties' current arrangement for Defendant to simply preserve the subject evidence. (*See id.*; Doc. 20, p. 19 (requiring Defendant to "immediately deliver to Plaintiff . . . or confirm destruction of" the subject materials)). Thus, upon consideration of the circumstances, the Court construes

the Motion as an unopposed motion to amend the TRO to conform with the parties' agreed course of conduct. (*See* Docs. 28, 34); *see In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977)[3] ("A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))). So construed, the Motion is due to be granted. *Sea-Land Serv., Inc. v. Int'l Longshoremen's Ass'n of N.Y., N.Y.*, 625 F.2d 38, 40 (5th Cir. 1980) (noting that district courts have the authority to modify orders granting injunctive relief); *Fed. Trade Comm'n v. Click Profit, LLC*, No. 1:25-cv-20973-LEIBOWITZ/TORRES, 2025 WL 928796, at *1 (S.D. Fla. Mar. 27, 2025) ("A district court need not find proof of changed circumstances in modifying a temporary restraining order . . . but rather applies its discretion in exercising the trial court's inherent power to modify its orders." (citation omitted)).

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Construed Unopposed Motion to Amend the Temporary Restraining Order (Doc. 28) is **GRANTED**. Paragraph 2 of the Temporary Restraining Order entered on

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

June 15, 2026 (Doc. 20, p. 19),[4] shall be substituted in its entirety to state as follows:

2. Plaintiff's request for a temporary restraining order is **GRANTED** to the extent that:

a. Defendant **SHALL** preserve all documents, materials, and data (and copies thereof), in tangible, electronic, or intangible form in Defendant's possession relating to Plaintiff's business, except pursuant to an agreement by the parties on a forensic protocol for retrieving such information.

b. Defendant is further **TEMPORARILY ENJOINED** from accessing, using, destroying, or duplicating any of Plaintiff's trade secrets or confidential information, and from disclosing such information to any third party, except pursuant to an agreement by the parties on a forensic protocol for retrieving such information.

c. Defendant **SHALL** abide by the terms of the Agreement (Doc. 10-1), including the Non-Solicitation Provisions and Non-Disclosure Provisions, as those terms are defined herein.

**DONE AND ORDERED** in Orlando, Florida on July 21, 2026.

---

4 The Court notes that the remainder of the TRO is unchanged by this Order and that the TRO, as modified by this Order, shall remain in effect until the hearing on August 17, 2026, at 10:00 a.m. (*See* Doc. 29).

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties